UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

JOSEPH J. SHIPPS,            )
                             )
        Plaintiff,           )
                             )
    v.                       )    No.1:20-CV-95 PLC
                             )
SCOTT COUNTY JAIL,           )
                             )
        Defendant.           )

**MEMORANDUM AND ORDER**

This matter is before the Court *sua sponte*. Plaintiff filed a complaint in this action on April 17, 2020. The complaint was not filed on a court-provided form as required by Local Rule 2.07 of this Court. Additionally, plaintiff has failed to either pay the $400 filing fee or file a motion to proceed in forma pauperis. For the following reasons, plaintiff will be required to file an amended complaint on a court form and either pay the full filing fee or file a motion to proceed in forma pauperis within twenty-one (21) days of the date of this Memorandum and Order.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has failed to submit a prison account statement in this action. He will be required to do so if he wishes to proceed in forma pauperis.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286

(8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background

Plaintiff, Joseph J. Shipps, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as the only defendant in this action is Scott County Jail.

In his handwritten complaint filed on April 17, 2020, plaintiff alleges that he suffers from epilepsy and his medication needs to "be evaluated and fixed." He claims that he has had over twenty-one (21) seizures over the past two weeks while incarcerated at the Scott County Jail. And he asserts that the Jail staff have sent him to the hospital twice during that time period. Plaintiff asserts, however, the unnamed hospital has attempted to try to get plaintiff into see a neurologist, but the neurologist will not see plaintiff "due to the coronavirus." Plaintiff states that the Jail is acting with deliberate indifference to his serious medical needs.

## Discussion

The complaint fails to adequately allege facts showing who at the Scott County Jail was personally aware of and disregarded a substantial risk to plaintiff's medical care. "Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990), *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff). Plaintiff's claim against the Scott County Jail, itself, is legally frivolous because it cannot be sued. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such."). Moreover, plaintiff cannot simply name a

3

Jail Administrator as a defendant as claims sounding in respondeat superior are not cognizable under § 1983. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

If, indeed, someone at the Scott County Jail is denying plaintiff medical care, plaintiff must set forth his claims against that person in an amended complaint on a court-provided form. Plaintiff is advised that the amended complaint will replace the original. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). In filling out the complaint form, plaintiff must comply with the Federal Rules of Civil Procedure, including Rules 8 and 10. Rule 8 requires plaintiff to set forth a short and plain statement of the claim showing entitlement to relief, and it also requires that each averment be simple, concise and direct. Rule 10 requires plaintiff to state his claims in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances. Plaintiff must type, or very neatly print, the amended complaint.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of the defendant or defendants he wants to sue. Plaintiff should also indicate whether he intends to sue the defendant in his or her individual capacity, official capacity, or both.[1] Plaintiff should avoid naming anyone as a defendant unless that person is directly related to his claim.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts supporting his claim or claims against the defendant. If plaintiff is suing more than one defendant, he should proceed in the same manner with each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations supporting

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

4

his claim or claims against that defendant. Plaintiff should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant, and set forth as many claims as he has against him or her. *See* Fed. R. Civ. P. 18(a). Plaintiff's failure to make specific factual allegations against any defendant will result in that defendant's dismissal.

As noted above, plaintiff is also required to either pay the full $400 filing fee or file a motion to proceed in forma pauperis. If he files a motion to proceed in forma pauperis he must also file a copy of his prison account statement so that the Court can calculate his initial partial filing fee. He shall have twenty-one (21) days to comply with this Court's Order. Failure to do so will result in a dismissal of this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall provide plaintiff with a court form for filing Prisoner Complaints Under 42 U.S.C. § 1983.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff with a form for filing a motion to proceed in forma pauperis in a prisoner § 1983 action.

**IT IS FURTHER ORDERED** that plaintiff must either pay the full $400 filing fee or file a motion to proceed in forma pauperis, as well as a prison account statement, no later than twenty-one (21) days from the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on the court-provided form within **twenty-one (21) days** of the date of this Order.

**Plaintiff's failure to timely comply with this Order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 22 day of April, 2020.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE